**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 04:11 PM May 2, 2013**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
|  | ) |  |
|  | ) | CASE NO. 11-61426 |
| MARTIN L. MYERS, | ) |  |
|  | ) | JUDGE RUSS KENDIG |
| Debtor. | ) |  |
|  | ) | **MEMORANDUM OF OPINION (NOT** |
|  | ) | **INTENDED FOR PUBLICATION)** |
|  | ) |  |

Now before the Court is Trustee's motion for an in camera inspection and for an order to compel production of documents, filed on March 6, 2013, and the joint motion of Martin L. Myers and Karen A. Myers to strike, filed on April 3, 2013.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

This matter arises in the chapter 7 bankruptcy of Martin L. Myers ("Myers" or "Debtor"). Anthony J. DeGirolamo, the chapter 7 trustee ("Trustee"), issued numerous subpoenas in this case, including at least one to Scott Snow. Scott Snow serves as accountant to Debtor and his

1

non-debtor wife, Karen Myers.  In response to the subpoena, Debtor and Karen Myers[1] oppose Trustee's discovery of documents and produced to Trustee a privilege log which designates 1790 pages of documents asserted to be protected by either the attorney-client privilege or the attorney work product doctrine.

Trustee filed the motion for an in camera inspection and for an order to compel production of documents ("in camera motion") requesting that all 1790 pages of the documents be subject to an in camera inspection by the Court to determine the applicability of the attorney-client privilege and attorney work product doctrine.  Trustee argues four main points to support his in camera motion.  First, attorney-client privilege does not apply to the documents because the documents were revealed to non-privileged parties, the communications were not made between privileged parties, and the communications were not made with the expectation of confidentiality.  Second, the attorney work product doctrine does not apply because Debtor and Karen Myers do not have standing to assert this protection and, even if Debtor and Karen Myers had standing, it must be established that the documents were produced in anticipation of the current litigation.  Third, Debtor and Karen Myers waived any protection of the documents by asserting defenses of "advice of professionals" and good faith beliefs.   Fourth, even if attorney-client privilege and the attorney work product doctrine apply, they are subject to the crime fraud exception, based on the fraudulent acts of Debtor and Karen Myers, and should be discoverable.

Debtor and Karen Myers filed a joint response to the in camera motion on March 13, 2013.  In the response, they oppose the request for the in camera inspection, arguing that Trustee has not demonstrated the need for in camera review of the documents.  In addition, they argue that the attorney-client privilege and attorney work product doctrines apply, that they have not waived these protections either through disclosure to Scott Snow or through assertion of certain defenses, and that the crime fraud exception does not apply.   Specifically, they argue that case law supports application of the attorney-client privilege when the attorney employs the accountant to assist the attorney in giving legal advice.  Further, they argue that the documents for which attorney work product doctrine is asserted are communications between Myers' counsel and Scott Snow that relate to Myers' bankruptcy petition and related litigation.

Trustee filed a reply to the joint response on March 18, 2013.   In the reply, Trustee argues that Debtor and Karen Myers fail to explain how documents that were disclosed to third parties can be considered privileged and how Debtor and Karen Myers, as adversaries, can assert the same documents are privileged as to each of them.  Further, Trustee argues that Scott Snow was not employed by Debtor's and Karen Myers' counsel for necessary assistance in this matter or any pending litigation and, thus, the documents cannot be considered privileged.  Debtor and Karen Myers also lack standing to assert the attorney work product doctrine because Scott Snow, the subpoenaed party, does not resist production.   Trustee also filed an affidavit, signed by Attorney Gordon D. Woolbert, II, with respect to the exhibits referenced in the in camera motion.

---

[1] Karen Myers is involved in the litigation concerning the bankruptcy estate because she filed a proof a claim (#19-1) in the amount of $4,162,863.30 and filed a pending motion to compel abandonment of Debtor's interest in Double M, Ltd.

On the privilege log submitted with both Trustee's in camera motion and the joint response, there are 132 documents listed. All of the documents are claimed to be subject to attorney-client privilege and 123 of the documents are claimed to be subject to the attorney work product doctrine. Also included on the privilege log is the date of each document, the recipient of each document, and a short description of each document.

Debtor and Karen Myers filed a joint motion to strike the affidavit filed by Trustee in regards to the exhibits referenced in the in camera motion.[2] The crux of their argument is that Attorney Woolbert does not have personal knowledge regarding the authenticity of the exhibits, that these exhibits have not been authenticated, and, therefore, the exhibits are not admissible as evidence.

Trustee filed a response to the motion to strike on April 17, 2013. In his response, Trustee argues that the affidavit and exhibits were filed for a motion on a preliminary question, not for a motion for summary judgment, and Federal Rule of Evidence 104(a) allows the court to consider issues of privilege without being bound by the evidence rules. Trustee also seeks sanctions for reasonable attorneys' fees in responding to the motion to strike.

Debtor and Karen Myers filed a joint reply on April 24, 2013. In their reply, they argue that Trustee's filing of the affidavit was misleading because it appears to authenticate the exhibits under Federal Rule of Evidence 902, not merely presenting the exhibits under Federal Rule of Evidence 104(a). With respect to sanctions, they argue that the vagueness under which the affidavit was filed required Debtor and Karen Myers to protect their interests so as not to waive any objections of authenticity or admissibility of the exhibits.

## **LAW AND ANALYSIS**

I.    Motion to Strike

Based on the reply of Debtor and Karen Myers, they only seek to strike the exhibits to the extent that Trustee seeks to authenticate the exhibits and/or admit the exhibits as evidence. They do not oppose the exhibits being provided under Federal Rule of Evidence 104(a). While Trustee argues that the exhibits can be authenticated and admissible as evidence, he does not seek a finding that the exhibits are authenticated or admissible for purposes of the in camera motion.

The affidavit and exhibits are filed on the docket as "Affidavit Re: Exhibits referenced in Motion for In Camera Inspection and Reply." This indicates to the Court that Trustee intended to file the affidavit and exhibits to support the in camera motion. There is nothing to indicate that Trustee intends to authenticate the exhibits or admit them as evidence. Based on the title of the filing, Trustee's assertions in his response that the affidavit and exhibits only support the in camera motion pursuant to Federal Rule of Evidence 104(a), and Debtor and Karen Myers' failure to object to filing of the affidavit and exhibits under Rule 104(a), the Court will deny the motion to

---

[2] Specifically, Debtor and Karen Myers seek the affidavit be stricken in its entirety as well as the following exhibits: 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20.

strike. If Trustee later seeks to utilize the affidavit to authenticate the exhibits or admit them as evidence, Debtor and Karen Myers are not deemed to have waived any objections to their admission.

With respect to Trustee's request for sanctions for reasonable attorneys' fees for responding to the motion to strike, the Court will deny sanctions. Debtor and Karen Myers filed the motion to strike in an abundance of caution to protect their interests. Since it is conceivable that these exhibits may later be introduced as evidence, the Court does not find that Debtor and Karen Myers raised a meritless objection.

II.     In Camera Motion

Initially, it is necessary to address the argument of Debtor and Karen Myers that there is a threshold showing for an in camera review that Trustee fails to meet. Debtor and Karen Myers' argument is inapposite in the context of the present case. While they are correct that in some instances a threshold showing must be made by a party moving for an in camera inspection, this is not the rule for all in camera inspections as they imply. For the case of United States v. Zolin, that Debtor and Karen Myers cite, a party moving for an in camera review must meet a threshold showing if the party is arguing that while the documents may be privileged, they are subject to the crime fraud exception. 491 U.S. 554, 571-575 (1989). While Trustee argues that the crime fraud exception applies, it is not his primary argument. Trustee makes other arguments that must fail before his argument regarding the crime fraud exception can be addressed.

Trustee begins by arguing that the attorney-client privilege does not apply to the documents. The crux of this argument is that the documents cannot be privileged because they were revealed to a third party. The third party is mainly Scott Snow, but also other parties including a bookkeeper, a banker, an account representative, and opposing counsel in other litigation.

Debtor and Karen Myers argue that the attorney-client privilege applies because Scott Snow prepared the documents at the attorneys' request and Scott Snow acted as an agent for Debtor and Karen Myers during communications with their counsel. Further, they argue that attorney work product applies because the communications consist of preparation of Debtor's bankruptcy petition and in anticipation of litigation for both Debtor and Karen Myers and between counsel and Scott Snow. In addition, they argue that disclosure of privileged documents to an accountant does not waive attorney-client privilege or attorney work product doctrine.

The burden of establishing attorney-client privilege rests with the party asserting it. United States of America v. Dakota, 197 F.3d 821, 825 (6th Cir. 1999); *accord* United States of America v. Krug, 379 Fed. Appx. 473, 479 (6th Cir. 2010); Vancoppenolle v. Sun Pharmaceutical, Inc., No. 3:08 CV 2797, 2012 U.S. Dist. LEXIS 86135, 2 (N.D. Ohio June 21, 2012); In re Cardinal Fastener & Specialty Co., Inc., No. 11-15719, 2013 Bankr. LEXIS 452, 15 (Bankr. N.D. Ohio Feb. 4, 2013). Debtor and Karen Myers assert that all of the documents on the privilege log are subject to attorney-client privilege. Thus, Debtor and Karen Myers hold the burden of

4

establishing that the documents contained on the privileged log are subject to attorney-client privilege.

Reviewing Debtor and Karen Myers' arguments, the Court cannot determine whether or not Debtor and Karen Myers have met their burden of proof that the documents are subject to attorney-client privilege. Specifically, the Court cannot determine whether or not Scott Snow was acting as agent for Debtor and Karen Myers at the time of the creation of the documents without a review of the documents. Further, the arguments set forth by the parties are complex and compelling and a decision on the merits cannot be made absent a review of the documents. In addition, the information provided on the privilege log, on its own and in conjunction with Debtor and Karen Myers' arguments, is not sufficient to determine whether these documents are subject to attorney-client privilege. Moreover, the needs of the parties, for either discovery or protection of the documents, are too great for this Court to make a decision on the merits without a review of the documents.

The Court finds that an in camera review is both necessary and appropriate to determine whether the documents are subject to the attorney-client privilege. The Court will not address at this time the arguments regarding a potential waiver of attorney-client privilege by assertion of defenses or the crime-fraud exception nor will it address the arguments regarding the attorney work product doctrine. In addition, the Court will hold its decision on Trustee's request to compel the documents and award of sanctions until after in camera inspection.

Based on the foregoing, the Court will grant Trustee's motion for an in camera inspection. An order will be entered simultaneously with this opinion.

#     #     #

**Service List:**

Chrysanthe E Vassiles
Gordon D. Woolbert, II
Black McCuskey Souers and Arbaugh
220 Market Ave., South, Suite 1000
Canton, OH 44702

Richard K Stovall
Allen Kuehnle Stovall & Neuman LLP
17 South High Street, Suite 1220
Columbus, OH 43215

Susan L. Rhiel  
Rhiel & Associates Co., LPA  
394 East Town Street  
Columbus, OH 43215